## Coyle et al., Appellants, v. Dreyfous.

Argued December 2, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*H. Eugene Heine*, with him *James J. Coyle* and *William J. McMenamin*, for appellant.

*David Levinson* and *J. Walter Rosenberg*, for appellee, were not heard.

PER CURIAM, January 6, 1930:

This is an appeal from the refusal by the court below to enter judgment for want of a sufficient affidavit of defense.

Plaintiffs alleged in their statement of claim that, on August 4, 1925, they and defendant "entered into a written option agreement," under which the former gave the latter a right to acquire certain real estate in Florida at a named price, on specified terms; that, subsequently,

the original agreement was modified so that, in addition to a sum already paid on the proposed purchase, defendant was to make further payments as follows: $22,500 on or before October 3, 1925; and, if the payment of $22,500 was made on the named date, then the option should continue to a subsequent fixed date, when a further sum of $22,500 was to be paid. In the event of nonpayment of these installments or either of them, the option was "automatically......cancelled and annulled." Plaintiffs averred that a warranty deed was to be given by them to defendant, and the latter was to execute a mortgage securing promissory notes, for the balance of the purchase money, and to deliver these instruments to plaintiff. The statement of claim further averred that plaintiffs delivered their warranty deed, not to defendant, but to "one Jules D. Jenkins, straw party and duly authorized agent of said defendant," adding that "it was never actually contemplated between the parties that said......Jenkins was......[to] pay the purchase price"; that "plaintiffs at all times looked to the defendant to pay the same, and it was understood that......defendant was the real obligor." Finally, that defendant had "refused to execute and deliver the said mortgage and notes and......to pay plaintiffs the $67,500," being the amount of the mortgage and notes; hence the present suit to recover that amount with interest. At this point it may be noted that the last above quoted averment is not that the understanding referred to therein was mutual; so far as the averment goes, it may have been on plaintiff's part alone.

The affidavit of defense, after admitting the making and extension of the option agreement, and the delivery of the deed to Jenkins, denies that Jenkins was defendant's "agent." Defendant avers in his affidavit that, when the final $22,500 payment became due on November 3, 1925, he "refused to exercise the option" unless a warranty deed was executed conveying title to said Jenkins, and that, on November 4, 1925, being the day

after the expiration of the option, plaintiff, instead of retaining the payments theretofore made and treating the option as cancelled, acceded to defendant's terms for modification thereof, whereby Jenkins, instead of defendant, became the mortgagor and the maker of the notes, for the balance of the consideration above the $22,500, which last mentioned sum defendant paid on November 4, 1925; and that, pursuant to this modification of the option, the deed was delivered to Jenkins, and he delivered the mortgage and notes to plaintiffs, immediately thereafter conveying the property, subject to such mortgage, to defendant.

At the end of the affidavit, defendant again denies that Jenkins was his agent, as a matter of fact, and that the transaction as carried out "amounted to an assumption by him" of liability under the mortgage given by Jenkins.

The court below, in refusing judgment, expressed views on the merits; we, however, shall pursue the usual course of expressing no views in that regard. It is sufficient, to sustain the refusal of the summary judgment asked by plaintiffs, that, in their statement of claim, they aver that Jenkins, in executing the mortgage and notes, acted as the agent of defendant, and that defendant denies this agency. The latter's theory is that the final understanding and contract between him and plaintiffs was that Jenkins, in place of acting as an agent, for whose deeds he, the defendant, would be personally liable, acted as a title holding trustee, for the very purpose of executing the notes and mortgage, which plaintiffs were to accept, and of then transferring the property, subject thereto, to defendant, thus relieving the latter of general personal liability for such obligations; that, since no monetary obligations in the nature of notes or mortgages had been executed before this arrangement was made, the authorities on the subject of novation, cited by plaintiffs, have no place in the case. The last mentioned point need not be considered until

522

all the facts are developed at trial. The same may be said of an argument by appellants that Jenkins was an insolvent when he gave the obligations in question and defendant's failure to disclose this fact was a fraud on plaintiffs of such a nature as would prevent defendant from taking advantage of Jenkins's substitution for himself; for, as to this last contention, there are no supporting facts shown on the record.

The order appealed from is affirmed.